[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By petition dated February 22, 1993, the defendant seeks to convert a legal separation granted to the parties on July 30, 1987, into a dissolution pursuant to General Statutes § 46b-65. The petition stated that the parties had not resumed marital relations since the entry of the decree. The plaintiff admits paragraphs 1 and 2 of the defendant's petition, but requests the court to enter new orders for alimony, property settlement, assignment of the defendant's estate, reasonable CT Page 7332 attorney's fees and such other relief as in law and equity may pertain.
After hearing, at which all parties were present with their attorneys, the court finds that on July 30, 1987, a judgment for legal separation was granted to the parties; the parties have not resumed marital relations since the decree of legal separation; that no written declaration of the resumption of marital relations has been filed pursuant to Connecticut General Statutes § 46-61 as amended; and that the decree of legal separation contained the following orders:
(1) Defendant shall pay to the plaintiff as periodic alimony $165 per week for 10 years or the death, remarriage or cohabitation by plaintiff with an unrelated male, whichever is the first to occur; that said alimony is nonmodifiable as to amount. If plaintiff survives said 10 year period, the defendant shall pay to the plaintiff as periodic alimony one dollar per year modifiable only upon a showing through medical testimony that the plaintiff is unable to obtain gainful employment for health reasons.
(2) The defendant shall transfer to the plaintiff his interest in the family residence located at and known as 203 Forsyth Road, Oakdale, Connecticut; that the plaintiff shall assume the first and second mortgages on said property and hold the defendant harmless from any claims thereon; and that the plaintiff shall issue to the plaintiff a promissory note in the amount of $42,500 without interest, said note to be secured by a mortgage on said premises and to be payable upon a sale of the premises, the death of the plaintiff, her remarriage or cohabitation with an unrelated male or 10 years from the date of the legal separation, whichever is the first to occur.
(3) The defendant shall maintain the plaintiff on his medical and dental insurance through his employment at his expense for three years, and if either party seeks a dissolution of the marriage during said three years, the party seeking the dissolution shall pay the premiums for said insurance until July 30, 1990.
(4) Defendant shall pay $500 towards plaintiff's attorney's fees.
Plaintiff now seeks new orders as to alimony and CT Page 7333 property settlement in light of the present financial positions of the parties.
From the credible evidence as to the present financial status of the parties and to plaintiff's claim that defendant did not comply with the judgment requiring him to transfer his interest in the family residence and the maintaining of medical and dental insurance on the plaintiff, the court finds:
(1) That on July 30, 1987, defendant had a net weekly income of approximately $436.82; that he contributed $71.50 weekly to Electric Boat Credit Union; and that his claimed weekly expenses were $691.75 which included a $200 payment to the plaintiff.
(2) That presently the defendant has a gross weekly income of $1,035 which includes overtime; that deducted weekly from said income is federal withholding of $122, FICA of $72, State of Connecticut $35, leaving defendant with a weekly net income of $806. Further, defendant has deducted weekly from his income $90.30 for his savings and stock investment and $72 put into his credit union account.
(3) That defendant's savings and stock investment plan had a value of $60,792 as of March 31, 1995; that defendant's pension at Electric Boat has vested; and that said pension will pay to defendant at age 65 the sum of $1,083 per month.
(4) That on July 30, 1987, the plaintiff had a net weekly income of $204.41 from her employment plus $200 she received from the defendant and that her weekly expenses totalled $531.07.
(5) That in February 1988, plaintiff suffered an injury during her employment as a secretary for Dr. Ronald Medwick which has required two surgeries for hip replacement; that further surgery may be required; that as a result of said injury plaintiff is unable to be gainfully employed; that plaintiff is not sure how long this condition will last; that she is presently receiving worker's compensation of $292.64 per week; that she has not received any rating of the permanency of her hip injury; that she does not know how long she will receive worker's compensation; that she received a net sum of $45,000 for her injuries from her lawsuit against a third party; and CT Page 7334 that she has a pending worker's compensation claim because of her permanent disability.
(6) That the parties still jointly owned 203 Forsyth Road, Oakdale, Connecticut, since the defendant never conveyed his interest to the plaintiff, as was ordered by the court. Likewise, plaintiff has not issued any promissory note to the defendant. The premises are subject to a first mortgage of $33,000, more or less, and a second mortgage with a balance of $4,438, more or less.
(7) That on July 30, 1987, each owned an automobile and that each had debts as appeared in their affidavits.
(8) That further, defendant did not keep the plaintiff on his medical and dental insurance through no fault of his own. Electric Boat which had refused coverage to plaintiff because of a hip condition, which predated her fall, failed to notify the defendant until it was too late to reinstate her. Neither party pursued any claim against Electric Boat because of this claimed lack of notice.
(9) Because of the lack of insurance coverage, plaintiff incurred medical expenses of Dr. Karno for $136, a bill of $2,144 from William J. Coleman, Ph.D, and a debt of $1,000 to Mary Rapp for medical bills paid for plaintiff.
(10) Plaintiff was born April 28, 1947. Defendant was born May 22, 1946. The parties were married a little over 20 years when the legal separation was granted. One child was born issue of the marriage.
(11) Plaintiff was a homemaker for approximately 15 years of the marriage. She was employed at various employments until her injury while employed as a secretary for Dr. Medwick. Although she attempted to work in 1989, she could not because of pain in her hip when sitting and standing too long. However, Dr. Jung, one of her attending surgeons, states that she can do sedentary work. See Plaintiff's Exhibit 4, p. 3.
Notwithstanding, plaintiff has not sought employment since 1989.
Based on the above-indicated changes in the present situation of the parties, financially and physically, the orders issued at the time of the legal separation are not fair and CT Page 7335 equitable. Accordingly, taking into consideration all the criteria set forth in Connecticut General Statutes §§ 46b-81 and46b-82, as amended, the following orders are entered which this court finds to be fair and equitable.
(1) Defendant shall pay to the plaintiff as periodic alimony $200 per week until plaintiff's death, remarriage, or cohabitation with an unrelated male, whichever is the first to occur.
(2) The defendant shall transfer to the plaintiff his interest in the family residence located at and known as 203 Forsyth Road, Oakdale, Connecticut, within sixty days of this judgment; that the plaintiff shall assume the first and second mortgages on said property and hold the defendant harmless from any claims thereon; and that the plaintiff shall issue to the plaintiff a promissory note in the amount of $42,500 without interest, said note to be secured by a mortgage on said premises which is to be paid in 180 equal monthly installments commencing the first day of the second month after the present mortgages on said premises should have been paid according to their terms. Notwithstanding the above, the balance of the mortgage due and payable shall be paid in full upon a sale of the premises, the death of the plaintiff, her remarriage or cohabitation with an unrelated male, whichever is the first to occur.
(3) Defendant shall indemnify the plaintiff for Dr. Karno's bill of $136, the bill of William J. Coleman, Ph.D, of $2,144 if plaintiff is made to pay it, and $1,000 to Mary Rapp for medical bills paid by her for plaintiff.
(4) Defendant is to pay plaintiff within ninety (90) days the sum of $846, the alimony arrearage due to defendant's overdeduction of $9 per week from plaintiff's alimony.
(5) Plaintiff shall keep the net proceeds of any recovery she receives from her personal injury settlement free of any claims by the defendant.
(6) Plaintiff shall keep her worker's compensation claim free of any claim thereto by the defendant.
(7) Defendant shall keep his pension plan at Electric Boat free of any claims by the plaintiff. CT Page 7336
(8) Defendant shall keep his savings and stock investment plan free of any claim by the plaintiff.
(9) All other orders entered on July 30, 1987, pursuant to the legal separation, if not included above, shall remain in full force and effect and be incorporated as orders in this decree of dissolution.
Paul M. Vasington State Trial Referee